May it please the Court, my name is Jason Finch. I am the attorney on behalf of Aura Lopez-Lopez. I appreciate the Court's time today. I would ask that the, I have two minutes reserved for rebuttal. There are two issues mainly that I want to talk about today. One very briefly, which is the failure to exhaust administrative remedy. Let me just say at the outset, opposing counsel say you didn't properly preserve either issue. That's not jurisdictional, but you might comment on, it seemed to me the argument is different than what was addressed by the agency directly. Your Honor, the issue was addressed at the immigration court level. It was not addressed at the Board of Immigration Appeals. However, I'm going to ask the Court to exercise discretion for an exception in this matter. I'm not asking here for a review of a final order of removal. What I'm asking for is whether or not the law was appropriately and justly applied in the case. Shouldn't the Board and the immigration judge have the first opportunity to do that? That gets to exhaustion a bit, which is what you were going to talk about. This is a court of review, not first view. Understand that, and the BIA has addressed the issue. However, in light of Loper Bright enters, I think the issue is now open for this court to review it. Plus, this court has a precedent case, Andrade Zamora v. Lynch from 2016, that also addressed this issue. In light of the fact that now the court does not have to follow or give deference to the board's or the agency's interpretation, I think it's time for the court to review this issue anew with new arguments that I'd like to present with the court today. We're not going to do that. When you come up with something that wasn't preserved before the agency and the Supreme Court has a decision that now everybody's wondering how to interpret it, you say, well, this is a good basis to reopen what you've been doing for years. Guess what? Well, even if the court doesn't do that, and I respect that, Your Honor, and I know I'm saying a lot here, but I believe that this would deserve an exception because of the manifest injustice that could be done to not only my client, but others who follow behind. That's relevant to plain error review. You're not even asking for that. You're saying, treat it like I preserved it. Your Honor, I understand. So you don't concede it's plain error review? No, I concede that, Your Honor. I know I'm in a bad situation here. Unfortunately, I was not the counsel of record at the time, and I didn't have the opportunity to preserve the issues at the lower courts. But I thought this was an important enough issue. The discrepancies of how 8 U.S.C. 1227 and 8 U.S.C. 1182 are being applied for cancellation and removal purposes, that this needed to be heard by this court and reviewed. Well, there's another thing sitting out here, too, and I know they're not perfectly related. They're not one for one. But I understand your point about Loper Bright, but we also have Chenery sitting out there where we have to listen to what the – I mean, what we have to do is deal with the reasons given by the agency, right? And when you bypass that process and don't exhaust the remedies, we have nothing to review from the agency. And so even in light of Loper Bright, we're sitting here with a completely bare record, and so we're going to have to make it up on our own. And that sort of violates fundamental agency principles, in my view. And that's why, incidentally, I think there's an exhaustion of remedies statute in the INA, which says you must – the alien must have exhausted all administrative remedies available to the alien as of right. So why shouldn't we just apply that and be done with it? Well, I think because the – this statute isn't important enough to be addressed because I don't think – and with all due respect, Your Honors, I don't think the court got it right in 2016, and I think it needs to be reviewed. And this is an opportunity for the court to be able to do that. Well, and just – I'm going to close the loop real quickly. So one of the things is in our cases, we say for sure, when you do not exhaust your remedies and you're counseled below and it's an adversarial proceeding, we tend not to address the question. We've got – we've got two cases on that going back to about 2018 or 19. Are both of those conditions satisfied? Was it adversarial below at least before the BIA? And was Lopez-Lopez counseled? Well, in this matter, the former counsel did not address this issue at the board level. It was addressed at the immigration court level where the motions to pre-termit were filed and briefs were filed, and that's where the issues were raised there. Is 1182-1227, or versus and argument, was addressed to the IJ? I'm not sure, Your Honor. I don't think so. However, I would ask the court – Your emphasis on and and or, there are a zillion cases where one is treated like the other in the context. Well, Your Honor – I think – I think this context screams out for or. Your Honor, if I can delve into that a little bit. In the – in the heading of 12 – of 1229BA, or BB, for cancellation of non-permanent residence, the Attorney General may cancel removal of and adjust status of an alien admitted for permanent residency. That's important because you have aliens who – you have lawful permanent residents who cannot qualify under 1229BA because they haven't been residents for seven years. You also have conditional residents who are in the same boat. Next group is an alien who's inadmissible, which are those who entered without inspection. Then you have or, the deportable aliens who are those who entered in with visas, perhaps students, some other thing. So you've got three classes of aliens here who are covered under here, and for that very reason, Your Honor, under subsection C, which is where the or is at, you have 1182A2, which is for inadmissible, those who entered without inspection. I understand all that. And then you've got the or. Well, the or means all of them. But it doesn't in this case, Your Honor. Well, I hadn't – that's your position. I'm saying – you don't even argue that. You don't even recognize in the brief the fact that – that and is treated as or in many situations has been in the case law, probably more cases than what you found for your argument. Possibly and probably so. However, I believe the appropriate application is for those who entered without inspection should be held under 1182A because there is a list of criminal convictions that would make a person a crime involved in moral turpitude under that. Yeah. 1227 doesn't have a – doesn't have an exception for that, right? They have a list under there. Pardon? Yes. There is a petty offense exception, but it's different from the petty offense exception under 1182A. But the petty offense exception under 1227A2 requires that you have been admitted to the United States. And there is absolutely, under no circumstance, an alien who entered without inspection can qualify under that petty offense exception under 1227A2. But the other thing with 1227A2 is you cannot uncouple subsection A. It would have been nice of you to have made all these slice and dice arguments to the  I – I'd like to – I'd like to have the BIA's view on this. I suspect I know what it would be. Well, I expect I would be up here arguing the same thing once again with this court. For de novo review because it's statutory interpretation. Correct. But you cannot, under 1227A, you can't uncouple subsection A, which specifically says any alien, including crewmen, in and admitted to the United States. You can't uncouple that. It depends on what gets charged at the outset. And if the DHS person who – you're relying on what was cited to start the removal proceeding, right? Right. You're saying that was the charge and that limits everything the agency can do. Yes, Your Honor. So if you were successful, guess what? They'd have to spend five times as much so that every charging document went to the highest levels to make sure that every possible, you know, bridge was crossed. Your Honor, may I reserve the – That's stupid to me, frankly. I disagree, Your Honor, but may I reserve the rest of the remaining time? Thank you, Your Honor. Mr. O'Connor. Good morning. I am Blair O'Connor on behalf of the Attorney General. Your Honors, the two issues raised in this petition for review are either unexhausted and therefore should not be considered by this Court in the first instance without the benefit of an agency decision or they are squarely foreclosed by precedent from this Court. Therefore, the incident petition for review should be denied. The first issue the petitioner raises in her brief – I disagree with you on squarely foreclosed. Yes, Your Honor. Well, the first issue the petitioner raises – So you better don't – unless you're so confident of your exhaustion argument, you better talk about the merits a little bit. I will. I thought you defended them poorly in the brief. You, I didn't – I don't know who wrote the brief. It was a colleague of mine. I apologize, Your Honor. I will get to that. The first issue petitioner raises in her brief is that she should not have been found and therefore barred from cancellation for having been convicted of an offense under 8 U.S.C. 1227A2 when she was never charged with a grind of removability under that section. Now, as is brought out in my colleagues – in my opponent's argument, that issue is not presented to either the immigration judge or the board. It is, therefore, unexhausted. Although the Supreme Court held in Santos-Zachariah that that statute is not a jurisdictional statute, it is a mandatory claims processing rule that when it is asserted by the opposing party, the court should apply it. And as Judge Strauss pointed out in this Court, it has applied exhaustion and refused to consider issues if it is an adversarial proceeding below, which this was, and if the person asserting it was represented by counsel, as petitioner was both before the immigration judge and the board. This Court does not have the benefit of the agency's decision on that issue. Therefore, it should decline to address it in the first instance. But even if it did, even if the petitioner had exhausted that argument. On that point, though, opposing counsel just makes the point, well, Loper-Bright. Loper-Bright sort of opens the field and we should consider it. You heard me talk to opposing counsel on why I thought that was wrong. What's the agency's view on it? Yes, Your Honor. Well, again, we would say that this Court has addressed this issue in Andrade Zamora v. Lynch. There, in that case, this Court reasoned. That's self-factually distinguishable. Dragging it into this argument, this unpreserved argument, just, you know. It was the same issue, though, Your Honor. In Andrade, I'm not talking about Al-Masadi. This is Andrade Zamora. This is the argument that the fact that the cancellation statute cross-references section 12. I was talking about Andrade. Yes, yes. The fact that it cross-references 12, section 1227A2 only refers to the list of offenses enumerated in that statute and not to the statute as a whole, including the specific immigration characteristics of the charge of removability. That doesn't get to this issue. Well, I would believe it... I mean, you can read it as helping you on this issue, but to talk, to call it controlling on this issue is, you know. Yes, Your Honor. To get to Judge Strauss' question, in Andrade Zamora, the Board, this Court did defer to the Board's decision in the matter of Cortez. It held the same. And although Loper Bright, and it sort of applied Chevron deference, although Loper Bright overruled Chevron, the majority in Loper Bright did say, took pains to say, that it wasn't saying that all pre-Loper Wright decisions were no longer good law. They were still entitled to the Astari decisis effect. And so we would say, therefore, that because of that, Andrade Zamora, although a pre-Loper Wright decision, still is good law on this issue. What if we disagree? So this is the million dollar question. It's easy when you say, well, that looks good to me. Like, even though we were deferring, the agency reached the right answer and that's what the law says. But what about when we say, God, we look at this law and that deference was doing an awful lot of work because it was probably the least reasonable interpretation. Do we go back and we redo it, or do we essentially defer again? When somebody challenges that a subsequent time. Yes, Your Honor. I did research, and I apologize if I missed it. I couldn't find any published decisions from this court post-Loper Bright that discussed the validity or how good pre-Loper Wright decisions review and agency determinations are. A couple of district court decisions within this circuit have said those decisions are still entitled to the Astari decisis effect and that if they were reasoned, then yes, we can still apply them. And we would say, ask this court, this is what it can do in this situation. I mean, the natural reading of the cross-reference to 1227A2 in the cancellation statute is that it refers only to the list of offenses in that statute and not the immigration consequences. So it doesn't matter if the person was not admitted because the cancellation statute bars eligibility if you've been convicted of an offense in those sections. And here the petitioner was. She was convicted of a offense, and then 1227A2. So the fact she wasn't admitted is irrelevant for purposes of the bar to cancellation removal in the cancellation statute. If Congress had intended to encompass the whole statute, then rather than saying that you're not eligible if you've been convicted of an offense enumerated in that statute, it would have said you're not eligible if you violated that statute. But they didn't say that. They conditioned the bar on being convicted of an offense enumerated under the cross-reference statutes. And this petitioner was. Also, agreeing with the petitioner would also avoid the absurd result that cancellation removal relief would then only be available to aliens who unlawfully entered the United States. And the only aliens who would be barred were those who actually followed the law by going through admission and being properly admitted. The second issue the petitioner raises is that she claims that she's not barred because of the petty offense exception. Again, that issue was not exhausted before the immigration judge or the board. Therefore, this court should not consider it in the first instance. But even if, again, it had been exhausted, it lacks merit because the board solely found her pretermitted due to the conviction of a crime of child abuse under 1227A2E. And there is no petty offense exception under that statutory subsection. The petty offense exception only exists for crimes involving moral turpitude. And that was not the basis of the board's reason for finding her barred from cancellation of removal. So that claim lacks merit. With respect to the agency's determination that the petitioner's conviction for child abuse under section 28707 of the Nebraska Revised Statutes is categorically a crime of child abuse under the INA, we would say that this decision has been settled by this court in Al-Masadi v. Garland. There, the petitioner was convicted of the exact same statute, Nebraska Revised Statute section 28707. This court held that this statute categorically encompasses conduct that matches the generic federal definition of a crime of child abuse. Even conduct that solely involves placing a child in a situation that endangers the child's life or physical or mental health, but doesn't result in any actual harm, when it's done with criminal negligence, as the statute requires, then that satisfies the generic definition. Now in Al-Masadi, this court noted that the alien in that case had not raised a facial challenge to the board's definition of a crime of child abuse. Therefore, this court did not grant Chevron deference because the issue wasn't presented to it. And the only other case I could find from this circuit, which is Pugh v. McCasey, was the same thing. The alien didn't challenge the board's definition of a crime of child abuse, so this court was never in a position to grant Chevron deference to it. Therefore, Al-Masadi continues to be valid law, even after Loper Wright, because this court was never asked to defer to the agency's definition. And it did accept it, and therefore Al-Masadi is still controlling law, and we would ask that it apply in this case and find that the statute of conviction here categorically qualifies as a crime of child abuse. We would also note that there have been a handful of circuits, the 2nd, 4th, 5th, and 11th, that have reviewed this issue regarding the definition of a crime of child abuse post Loper Wright, and they still relied on their pre-Loper Wright decisions and granted them stare decisis impact and found that those were still valid, which did uphold the board's definition of a crime of child abuse. So barring any further questions, I would yield the remainder of my time, Your Honors. Thank you. May I approach, Your Honor? Pardon? May I approach? Yes. You may have a minute for rebuttal. Thank you, Your Honor. I'll be very brief, Your Honor. Al-Masadi is disputeful from this case because Al-Masadi was an admitted alien to the United States. Our entire argument is that my client was not admitted to the United States, that the statute does open up for, I'm sorry, the statute for cancellation removal under 1229B has specifically 1182A for those who are not admitted, 1227A for those who have been admitted. When a person is charged under deportability under 1182, then 1182 should be the controlling section for cancellation or removal. If the person is a conditional resident who has become now deportable, 1227A2 should be the controlling list of crimes that the person is deportable under. With that, if there are no other questions, I'll use my time. The argument that you were making earlier that wasn't grazed below? Correct, Your Honor. Thank you. May be excused.